UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 00-50006-01KES |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| IRVING JUMPING EAGLE, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant, Irving Jumping Eagle, moves this court to modify payment of interest. The United States opposes the motion and contends that this court lacks jurisdiction to modify said payment. Jumping Eagle's motion is denied.

Jumping Eagle was sentenced on July 24, 2000, to a period of incarceration of 135 months, a fine of $3,000, and restitution in the amount of $1,693.33. No appeal was filed. Jumping Eagle has now served his custody sentence. He was notified by the Financial Litigation Unit of the United States Attorney's Office on September 25, 2012, that he owes a remaining interest balance of $2,143.48. Jumping Eagle asks this court to waive the interest requirement pursuant to 18 U.S.C. § 3612(f)(3)(A).

A district court cannot set aside or alter a judgment after it is imposed, unless a statute provides otherwise. *See United States v. Regan,* 503 F.2d 234, 236 (8th Cir.1974) (common law established that the court cannot set aside or alter one of its judgments unless a statute provided otherwise). Once a court

sentences a criminal defendant, it has jurisdiction to continue hearing related issues only when authorized by statute or rule. *See Carlisle v. United States,* 517 U.S. 416 (1996).

Most of the potential options to challenge a sentence are unavailable to Jumping Eagle. His request was filed well past the seven-day deadline of Federal Rule of Criminal Procedure 35(a). Jumping Eagle is not seeking the correction of a clerical error, so Federal Rule of Criminal Procedure 36 is not available to him. Because the motion was not filed by the government, a reduction pursuant to Federal Rule of Criminal Procedure 35(b) is not available to him. Jumping Eagle is challenging his fine and not custody, so he cannot seek redress under 28 U.S.C. § 2255. *United States v. Bernard,* 351 F.3d 360,361 (8th Cir. 2003) (inmate cannot challenge restitution portion of his sentence using § 2255 because statute only available to prisoners claiming right to be released from custody). And only the government may bring a petition to remit a fine under 18 U.S.C. § 3573. *See United States v. Linker,* 920 F.2d 1, 1-2 (7th Cir. 1990) (under § 3573, defendant has no right to request remission of fine).

Jumping Eagle contends that this court has jurisdiction to modify the interest payable on the fine pursuant to 18 U.S.C. § 3612(f)(3). The Eighth Circuit Court of Appeals has only addressed this issue once—in an unpublished opinion that is not binding precedent. *See United States v. Chacon-Vega,* 262 Fed. Appx. 730, 2008 WL 313612 (8th Cir. 2008) (district court lacked

jurisdiction to waive interest on criminal fine where defendant failed to directly appeal his sentence).

The Seventh Circuit Court of Appeals in *United States v. Goode,* 342 F.3d 741, 743-4 (7th Cir. 2003), addressed the jurisdictional issue and found that the district court does have subject matter jurisdiction under 18 U.S.C. § 3572(d)(3) to grant relief to a criminal defendant from fines based on a showing of economic hardship. That provision provides:

> A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

18 U.S.C. § 3572(d)(3). After considering the evidence, the Seventh Circuit found that Goode had not made an adequate showing that he suffered a material change in economic circumstances to warrant an adjustment to the payment schedule and that the court had made no determination at sentencing under § 3612(f)(3) that he was unable to pay interest.

In this case, Jumping Eagle has been making payments towards his fine and restitution. He has not shown a material change in his economic circumstances that affects his ability to pay a fine. And at the time of sentencing, this court did not make a determination that he was unable to pay interest.

This court concludes that it lacks jurisdiction to waive or reduce the interest on the criminal fine because Jumping Eagle did not appeal his sentence. This result is consistent with the Eighth Circuit's unpublished opinion in *Chacon-Vega*. In the alternative, the court cannot waive the interest because Jumping Eagle has not made an adequate showing to justify a waiver or adjustment of the interest payment, and the court did not find at the time of sentencing that Jumping Eagle was unable to pay interest. This result is consistent with the rationale set forth in *Goode*. Accordingly, it is

ORDERED that Jumping Eagle's motion to modify payment of interest (Docket 26) is denied.

Dated February 14, 2013.

                BY THE COURT:

                /s/ *Karen E. Schreier*
                KAREN E. SCHREIER
                UNITED STATES DISTRICT JUDGE